Michelle Hon Donovan (SBN 234492)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619.744.2219
E-mail: mhdonovan@duanemorris.com

Meghan C. Killian (SBN 310195)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415.957-3138
Email: mckillian@duanemorris.com

Attorneys for Plaintiff
American Career College, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CAREER COLLEGE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL CAREER COLLEGE, a California corporation,<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT FOR:**<br><br>**COMMON LAW BREACH OF CONTRACT;**<br><br>**FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1125(A)];**<br><br>**FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION [15 U.S.C. §1125(A)];**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff American Career College, Inc. (referred to as "ACC" or "Plaintiff"), by its undersigned attorneys, Duane Morris LLP, for its Complaint against Defendant American Medical Career College ("Defendant"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This action also seeks enforcement of contract after Defendant's breach, along with attorneys' fees and costs provisioned for enforcement in the contract.

2. This action also seeks damages and injunctive relief for Defendant's subsequent infringement of ACC's distinct American Career College trademarks, and unfair competition and false designation of origin under federal law.

3. ACC is the owner of multiple AMERICAN CAREER COLLEGE service marks, including U.S. Registration Nos. 3,208,284, 3,730,885, 3,816,671 and 5,114,965 for use in connection with educational services and courses of instruction at the undergraduate and professional level in a variety of disciplines, including nursing (collectively, "ACC Marks").

4. For over forty years, Plaintiff has used the ACC Marks, and similar stylized marks, as an identifier for its leading healthcare education institution. For example, the ACC Marks appear on ACC's campus buildings, website and social media accounts, course materials, and promotional materials as shown below:





5. ACC offers twelve demanding degree and diploma programs across multiple campuses in Southern California and, to date, has over 50,000 graduates. Over the last four decades, ACC has invested countless resources and developed a significant amount of goodwill in its ACC Marks.

6. With a blatant disregard for ACC's rights in the ACC Marks, Defendant has been using, without ACC's authorization, the following marks "AMERICAN MEDICAL CAREER COLLEGE" and "AMCC AMERICAN CAREER COLEGE" logo, examples of which are shown below (collectively, the "Infringing Marks") in connection with Defendant's educational services in the healthcare field.



**American Medical Career College**

7. ACC has repeatedly notified Defendant of its prior rights in the ACC Marks and has cautioned Defendant against the use of the Infringing Marks.

8. On July 16, 2020, ACC and Defendant duly executed a Settlement Agreement and Release ("the Agreement") in which Defendant agreed that within 6 months, it would cease all use of the Infringing Marks in connection with any educational services, including on promotional materials, social media accounts, and its website.

9. After 6 months—as of January 16, 2021—Defendant continues to use the Infringing Mark across all its social media platforms and its website.

10. Upon knowledge and belief, Defendant has made no effort to cease use of the Infringing Marks since signing the contract.

11. Defendant's use of the Infringing Marks constitutes a material breach of the Agreement. ACC seeks attorney's fees and costs that the Agreement provides for either party seeking enforcement.

12. Defendant's unauthorized use of the Infringing Marks after January 16, 2021, is likely to cause confusion as to the affiliation, association, sponsorship, and/or approval of Defendant's educational services, with those of ACC, constituting trademark infringement and unfair competition in violation of Sections 32 and 43 of the Lanham Act (15 U.S.C. §§ 1114 and 1125). ACC seeks an injunction, an

accounting of Defendant's profits flowing from their use of the Infringing Marks after the six-month grace period, damages, attorneys' fees, and such other relief as the Court deems just and proper.

13. The nature of Defendant's infringement between the period of January 16, 2021, and now, is knowing and willful. ACC seeks treble damages under the Lanham Act (15 U.S.C. § 1117).

## THE PARTIES

14. Plaintiff American Career College, Inc., is a corporation incorporated and existing under the laws of California with a registered address at 151 Innovation Dr., Irvine, CA 92617.

15. Upon information and belief, Defendant American Medical Career College is a corporation incorporated and existing under the laws of California with a registered address at 1460 E. Holt Ave., Ste. #176A, Pomona, CA 91767.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because this action arises, in part, under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

17. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) over Plaintiff's breach of contract claim arising under the laws of the State of California.

18. This Court has personal jurisdiction over Defendant because Defendant is incorporated in and transacts business in the State of California and offers its services under the Infringing Mark at a location in this district.

19. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this district due to voluntary transacting of business herein, including offering educational services in this district, and because a substantial portion of the events at issue have arisen and will arise in this judicial district.

# FACTUAL BACKGROUND COMMON TO ALL CAUSES OF ACTION

## A. American Career College and the ACC Trademarks

20. For over forty years, American Career College has dedicated itself to becoming a leading healthcare education institution enrolling students across multiple campuses in Southern California. ACC offers twelve demanding degree and diploma programs and has over 50,000 graduates.

21. ACC is institutionally accredited by the Accrediting Bureau of Health Education Schools (ABHES). Each of ACC's distinct educational programs hold various accreditations from the relevant supervisory body. For example, the Associate Degree in Nursing (Associate of Science) program is approved by the California Board of Registered Nursing, while the Respiratory Therapy (Associate of Occupational Science) program in Orange County and Ontario are accredited by the Commission on Accreditation for Respiratory Care (CoARC).

22. ACC owns United States Trademark Registrations for its ACC Marks, for use in connection with educational services and courses of instruction at the undergraduate and professional level in a variety of disciplines, including:

| Trademark | Registration No. | Registration Date | First Use Date | Goods |
|---|---|---|---|---|
| **AMERICAN CAREER COLLEGE** | 3,208,284 | February 13, 2007 | July 1, 1994 | I.C. 41: Educational services, namely, providing courses of instruction at the undergraduate and professional level. |
| | 3,816,671 | July 13, 2010 | April 22, 2009 | I.C. 41: Educational |

| | | | | |
|---|---|---|---|---|
| (logo) | | | | services, namely, providing courses of instruction at the undergraduate and professional level and distribution of course material in connection therewith. |

23. Each of the registrations for the ACC Marks listed in Paragraph 22 are valid and subsisting, in full force and effect, and constitute *prima facie* evidence of the validity of the registered trademarks and of ACC's exclusive right to use the trademarks in commerce in connection with the goods specified in the registrations.

24. ACC has invested significant amounts of time, effort, and resources in the advertisement and promotion of the ACC marks in a wide variety of media, including on their buildings, social media, and the internet. ACC's advertising and promotion of the ACC Marks has created an association in the minds of the consuming public between the ACC Marks and American Career College.

25. ACC also provides non-profit fund raising services, financial support, and tuition assistance services through American Career College Educational Foundation, furthering the reach and accessibility of ACC's brand of services.

**B.     Defendant's Infringing Activities and Breach of Contract**

26. On June 22, 2020, ACC sent Defendant a letter in which it notified Defendant of ACC's prior rights in the ACC marks and that Defendant's actions of using the Infringing Marks in connection with their educational services constitutes trademark infringement and unfair competition.

27. On July 1, 2020, Defendant's counsel responded, asking for a six month transition period in which it was understood that Defendant would take steps to rebrand and cease all use of infringing marks. ACC generously accepted this request.

28. On July 16, 2020, ACC and the Defendant duly executed the Agreement. In exchange for ACC not commencing litigation, Defendant agreed to cease all use of the Infringing Marks in connection with any educational services by January 16, 2021—six months from the date that the contract was executed. This Agreement included Defendant ceasing use of the Infringing Marks on any promotional materials and social media accounts, including on its Instagram, Snapchat, Facebook, and on its website.

29. After January 16, 2021, Defendant continues to use the Infringing Marks in connection with educational services in the healthcare field, namely, nursing and home health aide programs. Its Instagram account (@americanmedicalcareercollege), Snapchat account (@amccpomona1), Facebook account (facebook.com/amccnursing), and website (amccpomona.magix.net), all associated with the Infringing Marks, all continue to be active.

30. Instead of taking down its Instagram account @amccollegepomono, Defendant changed its name to @americanmedicalcareercollege and continued to post in connection with the Infringing Marks.

31. On January 20, 2021, ACC sent Defendant's counsel a letter reminding Defendant of its obligations under the Agreement and its infringement upon ACC's prior rights in the ACC Marks.

32. Defendant's use of the Infringing Marks is the legal equivalent to ACC's marks, that is, Defendant's Infringing Marks creates the same, continuing commercial impression such that purchasers and prospective purchasers would be confused into believing that Defendant's services and those of ACC derive from the same source, or that there is an affiliation between Defendant and ACC.

33. Defendant's unauthorized use of the Infringing Marks commencing on January 16, 2021, are likely to mislead purchasers and prospective purchasers into believing that Defendant's services are sponsored, licensed or approved by, or are otherwise associated or affiliated with, ACC and the ACC Marks.

34. Upon information and belief, Defendant adopted and commenced use of, uses, and plans to continue to use, the Infringing Marks with the intent and purpose of trading upon the goodwill built up by ACC in its trademarks and to reap the benefits of the years of effort invested by ACC to create recognition of the ACC Marks and education services sold thereunder.

35. Defendant has engaged and continues to engage in deliberate and willful infringement likely to confuse purchasers as to the source of Defendant's services sold and provided under the Infringing Marks.

## FIRST CAUSE OF ACTION

### (Common Law Breach of Contract)

36. American Career College repeats the allegations set forth in the paragraphs above as if fully set forth herein.

37. ACC and Defendant entered into a valid and duly executed written contract on July 16, 2020. The primary purpose of the contract was that in exchange for ACC not commencing litigation, Defendant would cease all use of the Infringing Marks in connection with any educational services by January 16, 2021. These terms were clear and concise in the language of the contract.

38. ACC upheld its obligation under the contract by not commencing any litigation for any claims related to Defendant's use of the Infringing Marks "occurring at or anytime on or before the Effective Date," July 16, 2020.

39. Defendant completely and materially breached its contractual obligation by failing to cease all use of the Infringing Marks in connection with its educational services within the six month transition period provided for in the Agreement.

40. Defendant's willful breach of contract has caused damage to ACC in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law. Upon information and belief, Defendant has profited from this willful breach of contract by conducting its business trading off the ACC Marks for an additional six months.

41. Defendant's breach of contract is a substantial factor in causing ACC direct and immediate harm.

42. In light of the foregoing, ACC is entitled to enforcement of the Agreement, as well as attorney's fees and the costs of this action that the Agreement contractually provides for either party seeking enforcement.

## SECOND CAUSE OF ACTION

**(Federal Trademark Infringement, 15 U.S.C. § 1114)**

43. American Career College repeats the allegations set forth in the paragraphs above as if fully set forth herein.

44. ACC owns multiple valid and protectable federal trademark registrations for the ACC Marks. The ACC Marks are used in commerce, some being used continuously in commerce for over twenty years, and are distinctive by virtue of their inherent and acquired distinctiveness, extensive use, and publicity in the fields of healthcare and education.

45. As described in detail in paragraphs set forth above, Defendant is advertising, promoting, and selling Defendant's services bearing the Infringing Marks.

46. Upon information and belief, consumers who encounter Defendant's website or social media pages are likely to believe that those services are sourced from, affiliated with, or associated with ACC. Defendant's use of the Infringing Marks in connection with its educational services is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with ACC, or as to the origin, sponsorship, or approval of Defendant's services by

ACC. Such use constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

47. Defendant's actions after January 16, 2021, are without the authorization or permission of ACC. Defendant chose to provide, sell, advertise, and promote Defendant's educational services in connection with the Infringing Marks with actual knowledge of ACC's prior use of and rights in the ACC Marks and in breach of the Agreement. Upon information and belief, Defendant chose to provide, sell, advertise, and promote Defendant's educational services in connection with the Infringing Marks in commerce with the intent to cause confusion, to cause mistake, or to deceive.

48. Upon information and belief, Defendant has profited from this infringement.

49. This is an exceptional case under 15 U.S.C. § 1117(a). Defendant's conduct is willful and has caused damage to ACC in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

50. In light of the foregoing, ACC is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that ACC has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action. ACC is also entitled to an accounting of Defendant's profits resulting from its Lanham Act violations from the period of January 16, 2021, to the time at which Defendant ceases infringement of the ACC Marks.

### THIRD CAUSE OF ACTION

**(Federal Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a))**

51. Plaintiff repeats the allegations set forth in the paragraphs above as if fully set forth herein.

52. Defendant's unauthorized use of the Infringing Marks in connection with Defendant's educational services constitutes a false designation of origin and a false representation as to the origin of Defendant's services, is likely to cause confusion, mistake, or deception as to the source of Defendant's services, and is likely to create the false impression that Defendant's services are authorized, sponsored, endorsed, licensed by, or affiliated with ACC.

53. Upon information and belief, Defendant's chose to provide, sell, advertise and promote Defendant's educational services in connection with the Infringing Marks with actual knowledge of ACC's prior use of and rights in the ACC Marks. Upon information and belief, Defendant offered Defendant's services for sale under and/or in connection with the Infringing Marks, in commerce, with the intent to cause confusion, to cause mistake, or to deceive.

54. Defendant's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Defendant's conduct is willful and has caused and is causing immediate and irreparable injury to ACC, and will continue both to damage ACC and to confuse the public unless enjoined by this Court. ACC has no adequate remedy at law.

56. This is an exceptional case under 15 U.S.C. § 1117(a).

57. In light of the foregoing, ACC is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that ACC has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action. ACC is also entitled to an accounting of Defendant's profits resulting from its Lanham Act violations from the period of January 16, 2021, to the time at which Defendant ceases infringement of the ACC Marks.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1. For an order and judgment that Defendant has breached its contract with ACC;

2. For an order and judgment that Defendant has infringed the ACC Marks in violation of ACC's rights under 15 U.S.C. § 1114;

3. For an order and judgment that Defendant has unfairly competed with ACC in violation of ACC's rights under 15 U.S.C. § 1125(a);

4. For an order and judgment that Defendant has acted in bad faith, willfully, intentionally, and/or with reckless disregard to ACC's rights;

5. For an order permanently enjoining and restraining Defendant, its officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, subsidiaries and assigns, and all those persons in concert or participation with any of them from:

    a. Using the Infringing Marks or any other trademark that is confusingly similar to the ACC Marks with the sale or advertisement of Defendant's educational services;

    b. Conducting any activities in the United States that relate to, refer to, or concern the advertising, promotion, distribution, displaying, sale or offering for sale education services or any related goods or services, in any media or format, using the Infringing Marks, or any other trademark that is confusingly similar the ACC Marks;

    c. Using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that any goods advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendant, or any services advertised, promoted, sold or offered

           for sale by Defendant, are in any manner associated or connected with ACC, or are authorized, licensed, sponsored or otherwise approved by ACC;

    d.    Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the ACC Marks;

    e.    Applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry the ACC Marks or any other confusingly similar trademark, for educational services or any goods or services related to the foregoing;

    f.    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

6. For an order directing Defendant to deliver up to Plaintiff's attorneys an accounting of all profits earned on Defendant's educational services from the period of January 16, 2021, to the present;

7. For an order directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product or services advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendant is in any manner authorized by Plaintiff or related in any way to Plaintiff;

8. For an order directing Defendant to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above;

9. For an order awarding Plaintiff such damages it has sustained or will sustain by reason of Defendant's acts of trademark infringement and unfair competition, and that such damages be enhanced pursuant to 15 U.S.C. § 1117;

10. For an order awarding Plaintiff all gains, profits, property, and advantages derived by Defendant from Defendant's unlawful conduct and that such profits be enhanced pursuant to 17 U.S.C. § 1117;

11. For an order awarding Plaintiff exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate;

12. For an order awarding Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and as provisioned for in the parties' Agreement;

13. For an order awarding Plaintiff interest, including pre- and post-judgment interest, on the foregoing sums; and

14. For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

15. Plaintiff hereby demands trial by jury in this action.

Dated: February 8, 2021              **DUANE MORRIS LLP**

By: /s/ *Michelle Hon Donovan*
Michelle Hon Donovan (SBN 234492)
E-mail:  mhdonovan@duanemorris.com
Attorneys for Plaintiff
American Career College, Inc.